IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAYMERE JOHNSON,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 25-CV-1260 |
| | : | |
| **LIEUTENANT KELLY**, *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**GALLAGHER, J.**                                                                                                   **April 9, 2025**

Plaintiff Jaymere Johnson, a pretrial detainee incarcerated at Chester County Prison ("CCP"), brings this *pro se* civil action alleging excessive use of force and denial of adequate medical care. Johnson also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Johnson will be granted leave to file an amended complaint.

## I.     FACTUAL ALLEGATIONS

The Complaint names the following Defendants in their individual capacities: (1) C/O A. Presswood; (2) Lt. Kelly; (3) C/O Taylor, H; (4) C/O Fries; (5) Unknown CEU Officers; and (6) Unknown PrimeCare Medical Inc. Employees. (Compl. at 2-4.)[1]  The events giving rise to Johnson's claims occurred on January 11, 2025. (Compl. at 6.) He alleges that on that date Defendants Presswood, Taylor, and Fries "entered my room and used force on me that caused injury physically." (*Id*.) He states that "[t]he CEU Team used excessive force on me under Lt.

---

[1] The Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from the Complaint (ECF No. 2).

Kelly['s] orders despite a duty to intervene on my behalf." (*Id*.) He alleges that Defendant Kelly "ordered all the defendants' actions purposely and in violation of my rights." (*Id*.) Johnson asserts, without naming specific Defendants, that they

> ran into my room[,] slammed me on the ground, bending my hand and wrist, and slammed me on my face. [T]hey never suited up[,] an[d] threw me out the door. [They] did not follow policy, and medical did not treat me medically and they housed me in medical for punishment purposes.

(Compl. at 5.) He further alleges that PrimeCare Medical staff did not treat him and "catered to corrections defendants by not documenting my injuries at all or treating me . . ." (*Id*. at 6.) He asserts that as a result of the incident he suffered mental and emotional distress, a swollen face and limbs, knee pain, wrist and shoulder pain, and long-term pain. (*Id*.)

The Court understands Johnson to raise various Fourteenth Amendment claims against the Defendants pursuant to 42 U.S.C. § 1983. He seeks compensatory, punitive, and unspecified declaratory relief for his claims. (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275,

---

[2] However, as Johnson is a pretrial detainee, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Johnson asserts Fourteenth Amendment claims for excessive use of force and denial of adequate medical care. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

### A. Excessive Use of Force Claims

#### 1. Claims Against Correctional Officers

Johnson asserts that Defendants Presswood, Taylor, Fries, and unspecified members of "the CEU team" used excessive force during the January 11, 2025, incident in violation of his constitutional rights. (Compl. at 6.) Because Johnson was a pretrial detainee during the relevant time, the Due Process Clause of the Fourteenth Amendment governs his excessive force claims.

3

*Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted). To state a due process violation based on excessive force, a pretrial detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Because the Complaint's factual allegations are sparse, the circumstances of the use of force, including what prompted the incident and who used what type of force on Johnson, are unclear. Johnson alleges the Defendants "ran into my room[,] slammed me on the ground, bending my hand and wrist, and slammed me on my face" but does not specify which of the Defendants took each of these actions. (Compl. at 5.) It is also unclear what circumstances prompted the officers to enter Johnson's cell, what communications or orders were given to Johnson, if any, and what response he gave. Although it is possible that the force used on Johnson under the circumstances was unreasonable, in the absence of any details about what precipitated the incident, who applied the force, and what the officers knew at the time, the claim is not plausible as pled. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

4

relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Accordingly, the Court will dismiss Johnson's excessive use of force claims against Defendants Presswood, Taylor, Fries, and the unknown CEU officers[3] with leave to amend.

### 1. Supervisory Liability Claim Against Defendant Kelly

Johnson asserts that Defendant Kelly "ordered all the defendants['] actions" despite knowing they would violate his constitutional rights. (Compl. at 6.) Claims against supervisory officials such as Kelly "must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*,

---

[3] Johnson's Complaint describes the actions of the "unknown CEU Officers" only in vague terms, without specifying how many officers were present or what role each of them played in the January 11, 2025, incident. If he files an amended complaint and again names unknown CEU officers as Defendants, Johnson should be careful to specify to which unknown defendant he refers in any given allegation so that each unknown person's role in the incident is clear. *See Miller v. Bedford County*, No. 18-10, 2018 WL 5624175, at *3 (W.D. Pa. Aug. 10, 2018) ("Although it is permissible to name a John Doe defendant when the identity of a specific person is unknown but can be ascertained through discovery . . . the use of a John Doe designation for a floating class of individuals in the hopes of tolling the statute of limitations should a cause of action come to light against new individuals is disfavored."), *report and recommendation adopted*, 2018 WL 5619709 (W.D. Pa. Oct. 30, 2018). Johnson may do so by listing the John or Jane Does by number, ensuring that the role of that numbered person is consistent and differentiated from other unknown numbered persons. Johnson is on notice, however, that without the name of at least one individual or entity, the Court may be unable to direct service of any amended complaint that he may file.

372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Chavarriaga*, 806 F.3d at 227.

Also,

> any claim that supervisors directed others to violate constitutional rights necessarily includes as an element an actual violation at the hands of subordinates. In addition, a plaintiff must allege a causal connection between the supervisor's direction and that violation, or, in other words, proximate causation. Proximate causation is established where the supervisor gave directions that the supervisor knew or should reasonably have known would cause others to deprive the plaintiff of her constitutional rights.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted). Because Johnson has failed to allege a plausible claim against Kelly's subordinate officers, he cannot allege a plausible claim for supervisory liability against Kelly based on their conduct. *Id*. Accordingly, the Fourteenth Amendment claim against Kelly is dismissed without prejudice.

### 2. Claims for Inadequate Medical Care

Johnson alleges that "PrimeCare Medical Inc. employees did not treat me medically and catered to corrections defendants by not documenting my injur[ies] at all . . ." (Compl. at 6.) The Court understands him to allege a claim for inadequate medical care under the Fourteenth Amendment.[4] To state a constitutional claim based on the failure to provide medical treatment, a

---

[4] As it appears that Johnson was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address

6

prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Johnson's bare conclusory allegation that he was not treated fails to state a plausible claim for deliberate indifference to a serious medical need. Johnson does not allege that he was suffering a serious medical need or that any particular known or unknown PrimeCare Medical Inc. employee was personally involved in refusing him medical treatment.

Nor does the assertion that PrimeCare staff entered false information into a medical report, without more, allege a plausible Fourteenth Amendment claim, as Johnson does not allege that

---

whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

7

doing so impacted his medical care. *See Rivera v. Tennis*, No. 09-0888, 2010 WL 2838603, at *7 (M.D. Pa. May 20, 2010) (recommending dismissal of Eighth Amendment claim where "Plaintiff fails to state what the lies or medically incorrect actions were, and how this impacted his medical care."), *report and recommendation adopted*, 2010 WL 2838605 (M.D. Pa. July 19, 2010). The Court will therefore dismiss Johnson's Fourteenth Amendment medical care claim without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim. The Court will grant Johnson leave to amend so he can "flesh out [his] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). An appropriate Order follows, which provides additional instruction as to amendment.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge